Filed 6/9/25  P. v. Palacios CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO FRANCO PALACIOS,<br><br>    Defendant and Appellant. | H051771<br>(Santa Clara County<br>Super. Ct. No. C2010752) |

In 2023, appellant Fernando Franco Palacios pleaded no contest to four of 17 charged sexual offenses in return for dismissal of the remaining counts and One Strike allegations and a negotiated term of 21 years in prison.  The stipulated sentence included two 6-year middle terms for lewd and lascivious acts by force or fear on a child under 14 years old (Pen. Code, § 288, subd. (b)(1)).[1]  On appeal, Palacios argues that remand is required because the trial court failed to treat his youth and psychological trauma as triggering section 1170, subdivision (b)(6)'s presumption in favor of the lower term.  We find Palacios's claim of error either waived or forfeited and his alternative claim of ineffective assistance of counsel without merit.  We affirm.

---

[1] Unspecified statutory references are to the Penal Code.

**A.    *The Operative Information***

In June 2021, the Santa Clara County District Attorney charged Palacios by information with a total of 17 counts committed against two minors, Jane Doe 1 and Jane Doe 2:  two counts of lewd or lascivious acts on a child under age 14 (§ 288, subd. (a); counts 1–2); four counts of lewd or lascivious acts on a child by force (§ 288, subd. (b)(1); counts 3–5 & 10); three counts of rape by force (§ 261, subd. (a)(2); counts 6, 11, 14); one count of sodomy by force (§ 286, subd. (c)(2); count 7), three counts of oral copulation by force (§ 288a, subd. (c)(2); counts 8, 12, 15); three counts of sexual penetration by force (§ 289, subd. (a)(1); counts 9, 13, 16), and a count of witness dissuasion by force (§ 136.1, subd. (c)(1); count 17).  The information specifically alleged that Palacios was subject to enhanced indeterminate terms for counts 1 through 16 under the One Strike law (25 years to life under section 667.61, subdivision (j)(2) for counts 1 and 2, and 15 years to life under section 667.61, subdivisions (b) and (e) for counts 3 through 16).

**B.    *The Plea and Sentencing***

In July 2023, Palacios entered a plea of no contest to four charges—one count of lewd and lascivious act on a child under age 14 (count 1) and three counts of lewd and lascivious acts on a child under age 14 by force (counts 3 through 5)—for a negotiated term of 21 years in prison and a dismissal of the remaining counts.

At the November 2023 sentencing hearing, the prosecutor corrected the probation report's recitation of the sentencing triad for counts 3 through 5, noting that the sentencing triad was three, six, or eight years (not five, six, or 10 years).  The prosecutor suggested that the court could sentence Palacios to the negotiated term by imposing the

---

[2] The circumstances of the offenses are not relevant to the sentencing issue raised on appeal.  We therefore proceed to address only the procedural background of the case.

middle term of six years on counts 1, 3, and 4, and the lower term of three years on count 5. Defense counsel made no objection or argument about the imposition of the middle terms. The trial court thereafter sentenced Palacios to the agreed-upon term of 21 years in prison—three consecutive middle terms of six years for counts 1, 3, and 4, and a consecutive lower term of three years for count 5.[3] Palacios timely appealed, and the trial court granted his request for a certificate of probable cause.

## II.    DISCUSSION

Counts 3 and 4 were alleged to have been committed between February 18, 2005, and February 16, 2006, when Palacios was around 18 years old. Palacios also reported that he suffered from PTSD secondary to a traumatic brain injury he suffered at age 13. Palacios thus argues that section 1170, subdivision (b)(6) entitled him to a presumptive lower term unless the court found that aggravating circumstances outweighed the mitigating circumstances. We will assume that in a contested sentencing hearing, Palacios could have established that his youth and childhood trauma were "contributing factor[s] in the commission of the offense[s]"—the nexus required to trigger the low-term presumption. (§ 1170, subd. (b)(6); cf. *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 994, 992 (*Fredrickson*) [finding "no basis . . . to conclude the trial court's failure to expressly consider the lower term presumption requires a remand" absent "some initial showing" that the relevant statutory factor "was a contributing factor" in the offense].) But because Palacios agreed to a stipulated sentence and was sentenced after Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567) came into effect, we find his argument waived by his acceptance of the plea and, alternatively, forfeited by his failure to raise the issue at sentencing. And we find Palacios's alternative claim of ineffective assistance of counsel to be unsupported by the appellate record.

---

[3] Full, separate, and consecutive terms are imposed for specified sex offenses when "the crimes involve separate victims or involve the same victim on separate occasions." (§ 667.6, subd. (d)(1).)

## A. *Waiver and Forfeiture*

Although the terms "waiver" and "forfeiture" are often used interchangeably, waiver and forfeiture are different: " 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." ' " (*People v. Saunders* (1993) 5 Cal.4th 580, 590, fn. 6.) Here, Palacios has both waived and forfeited his claim of sentencing error.

A party forfeits a claim of sentencing error by failing to raise it in the trial court below. (*People v. Scott* (1994) 9 Cal.4th 331, 351.) Here, Palacios was sentenced after section 1170, subdivision (b)(6) came into effect, and at no point before or during sentencing did counsel argue that the lower term should be imposed. Thus, by failing to object at sentencing, Palacios forfeited his claim of sentencing error on appeal. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [failure to raise claims regarding the application of § 1170, subd. (b)(6) forfeited a claim of sentencing error when defendant was sentenced after the law came into effect].)[4]

Second, assuming claims under section 1170, subdivision (b)(6) cannot be forfeited by a failure to object, any error has still been waived because of Palacios's acceptance of the negotiated plea agreement. "Where . . . defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did

---

[4] Because Palacios negotiated his plea and was sentenced *after* the Legislature in Senate Bill No. 567 added subdivision (b)(6) to section 1170, *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, review granted Feb. 21, 2024, S283452, and *People v. Todd* (2023) 88 Cal.App.5th 373, review granted Apr. 26, 2023, S279154 are both distinguishable. Both *Todd* and *De La Rosa Burgara* involved the retroactive application of Senate Bill No. 567 to nonfinal upper-term judgments entered *before* the effective date of the law. Thus neither *De La Rosa Burgara* nor *Todd* had the occasion to consider whether the defendants waived or forfeited claims of sentencing error. Nor does Palacios's claim under section 1170, subdivision (b)(6) implicate the Sixth Amendment jury right, unlike the upper-term sentences at issue in *De La Rosa Burgara* and *Todd*. (See *People v. Lynch* (2024) 16 Cal.5th 730, 747–748.)

4

not lack *fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*) [finding that a defendant could waive challenge under § 654 by pleading guilty in exchange for specified sentence].)  Furthermore, imposition of the middle term in the absence of required findings is not an unauthorized sentence.  An unauthorized sentence can be corrected at any time and is a narrow exception to the waiver doctrine.  (*Scott*, *supra*, 9 Cal.4th at p. 354.)  But the waiver doctrine applies to cases "involving the trial court's failure to properly make or articulate its discretionary sentencing choices." (*Id.* at p. 353.)  In essence the claim here is that the sentence—"though otherwise permitted by law"—was "imposed in a procedurally or factually flawed manner":  It is thus subject to waiver.  (*Id.* at p. 354.)  Accordingly, Palacios in stipulating to the 21-year sentence waived claims of error in how the court structured that sentence.  (*Hester*, at p. 295 [" 'it may be implied that the defendant waived any rights [under section 654] by choosing to accept the plea bargain' "].)[5]

## B.    *Ineffective Assistance of Counsel*

Alternatively, Palacios argues that his trial counsel rendered ineffective assistance by failing to raise the issue below, if we conclude his claims are forfeited.  But Palacios has not shown his counsel's performance to have been deficient.

To prevail on a claim of ineffective assistance of counsel, Palacios must establish both that his counsel's performance was deficient and that the deficiency prejudiced him.

---

[5] Accordingly, we find unavailing Palacios's reliance on cases like *People v. Panozo* (2021) 59 Cal.App.5th 825, 831–832 (remanding where the record suggested that the trial court had been unaware of mandatory sentencing obligations under §§ 1170.9 and 1170.91) and *People v. Ochoa* (2020) 53 Cal.App.5th 841, 853–854 (remanding where the record was ambiguous as to whether trial court considered youth-related mitigating factors at sentencing).  Neither *Panozo* nor *Ochoa* arose from negotiated plea agreements.  (*Panozo*, at pp. 828–829; *Ochoa*, at pp. 846–847.)

(*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).)  To show deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms.  (*Id.* at p. 688.)  And to establish prejudice, he "must show that there is a reasonable probability"— "a probability sufficient to undermine confidence in the outcome"—"that but for counsel's unprofessional errors, the result of the proceeding would have been different."  (*Id.* at p. 694.)  Whereas here, a claim of ineffective assistance is raised on direct appeal, the California Supreme Court has "repeatedly stressed 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 (*Mendoza Tello*).)

This is not a situation where there can be no satisfactory explanation for counsel's omission.  (*Mendoza Tello*, *supra*, 15 Cal.4th at p. 266.)  Palacios was initially charged with 17 criminal counts, 16 of which were alleged to be subject to life terms under the One Strike law.  By agreeing to plead no contest to four counts in exchange for a 21-year sentence, Palacios had already secured a determinate term years shorter than the indeterminate One Strike terms he was facing at trial.  Plea agreements are negotiated by contracting parties and are subject to judicial approval of the agreed terms.  (*People v. Stamps* (2020) 9 Cal.5th 685, 705.)  Trial courts cannot unilaterally alter the terms of the plea agreement.  (*Id.* at pp. 706–707.)  The record supplies no reason to believe that the prosecutor would have been willing to modify the parties' stipulated sentence, or that the court would have approved a request for a lesser term.  Counsel may have tactically decided there was no advantageous benefit to arguing for a lesser term when weighed

6

against the risk that the prosecutor could withdraw from the plea or that the court could withdraw its approval.[6]

Furthermore, "the appellate record does not disclose what mitigating evidence was available that was not presented, or what reasons defense counsel may have had for not presenting it." (*People v. Anderson* (2001) 25 Cal.4th 543, 598.)  Trial counsel was not asked to explain why he did not argue for low-term sentences, and given the record, we cannot presume that he failed to investigate whether Palacios's youthfulness or psychological trauma contributed to his offenses.  We cannot discount the possibility that counsel relied on these same factors in negotiating the dismissal of the One Strike allegations and the 13 other counts to secure a determinate term, or that counsel's investigation of the statutory factors failed to substantiate an inference that they contributed to Palacios's commission of the offenses.

Accordingly, Palacios cannot show that his trial counsel's performance was deficient.  (*Strickland*, *supra*, 466 U.S. at p. 688.)

### III.   DISPOSITION

The judgment is affirmed.

---

[6] Palacios suggests that because the probation department initially recommended its mistakenly inflated low term for counts 3 and 4, the court might have been amenable to the actual low term for these same counts.  But the probation department's aggregate sentencing recommendation was the stipulated 21 years in prison.  Its proposed selection of what it mistook for the low term was expressly intended to fit "the parameters of the negotiated plea."  Furthermore, the recommendation was "advisory only, provided in order to aid the sentencing court in determining an appropriate disposition, and may be rejected in its entirety." (*People v. Delson* (1984) 161 Cal.App.3d 56, 63.)  Thus, the probation department's recommended sentence neither undermines trial counsel's presumed tactical reason for not objecting nor suggests any possibility of a lesser sentence.

_____
LIE, J.

WE CONCUR:



_____
GREENWOOD, P. J.




_____
GROVER, J.




*People v. Palacios*
H051771